**In re JKJ CHEVROLET, INC., Debtor.**

**FORD MOTOR CREDIT COMPANY,**
Appellant,

v.

**REYNOLDS AND REYNOLDS COMPANY, Appellee.**

Civ. A. No. 93–0408–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

June 29, 1993.

George Richard Pitts, Dickstein, Shapiro & Morin, Washington, DC, for appellant.

Arnold S. Albert, Friedlander, Misler, Friedlander Sloan & Herz, Washington, DC, for appellee.

### MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on appellant Ford Motor Credit Company's appeal from the award of $94,846.41 to appellee Reynolds and Reynolds Company by the U.S. Bankruptcy Court for the Eastern District of Virginia pursuant to Section 506(c) of the Bankruptcy Code. 11 U.S.C. § 506(c).

JKJ Chevrolet filed a voluntary Chapter 11 Bankruptcy petition on October 21, 1991 and operated as *debtor in possession under* Bankruptcy Code § 1108. Before JKJ filed for bankruptcy, appellant Ford Credit provided floorplan financing to JKJ and held properly perfected security interests in JKJ's motor vehicle inventory and various other assets.

JKJ's postpetition operations were governed by a cash collateral agreement between JKJ and Ford in which Ford held properly perfected first priority security interests in JKJ's inventory and other assets. JKJ's authority to use Ford Credit's cash collateral terminated at noon on March 10, 1992, when the Bankruptcy Court granted JKJ's application to sell its operating assets to James Koons. On that date, Ford was granted relief from the automatic stay to exercise its remedies with respect to its prepetition and postpetition collateral.

Prior to the petition date, JKJ entered into a service agreement with appellee Reynolds for a computer system. The computer system was leased to JKJ by Reyna Financial Corporation, a Reynolds subsidiary. The Bankruptcy Court found JKJ to be in default under both agreements prior to the petition date and thereafter. Reynolds and Reyna obtained relief from the automatic stay on January 27, 1992 and seized the computer on February 10, 1992. JKJ continued to operate and sell vehicles until March 10, 1992, when the dealership ceased operations.

On May 5, 1992, Reynolds and Reyna filed an application for an order requiring Ford to pay Reynolds and Reyna's postpetition claims against JKJ for use of the computer under § 506(c) of the Bankruptcy Code. Neither JKJ nor the subsequently appointed Chapter 7 trustee ever made any surcharge claim against Ford regarding the computer agreements.

The Bankruptcy Court held a hearing and found that from February 10, 1992, when the computer was removed, until March 10, 1992, the dealership continued to conduct business and sold 90 automobiles. On February 5, 1993, the Bankruptcy Court entered an order surcharging Ford $94,-846.41.

Section 506(c) of the Bankruptcy Code provides that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." Under § 1107(a) of the Bankruptcy Code, a debtor in possession has the same powers under § 506(c) as a trustee.

 Upon a *de novo* review of the Bankruptcy Court's interpretation and application of the Bankruptcy Code, *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992), this court finds that the Bankruptcy Court erroneously granted appellee Reynolds and Reynolds Company standing to apply for a surcharge against Ford, although Reynolds and Reynolds is neither the Bankruptcy Trustee nor the Debtor–in–Possession as required by the Bankruptcy Code's plain text. *In re Caldwell*, 147 B.R. 119, 120–121 (M.D.N.C.1992) (§ 506(c) and its legislative history are clear, plain, and unambiguous that only a trustee has standing).

Any extension of standing to parties other than the trustee by courts violates the most fundamental rule of statutory construction by ignoring the text's plain and unambiguous language. *Contra In re McKeesport Steel Castings Co.*, 799 F.2d 91, (3rd Cir.1986); *Matter of Delta Towers, Ltd.*, 924 F.2d 74 (5th Cir.1991); *In re Palomar Truck Corp.*, 951 F.2d 229 (9th Cir.1991); *In re Parque Forestal, Inc.*, 949 F.2d 504 (1st Cir.1991). However, this departure from the text of § 506(c) in other circuits belies the section's plain meaning. *See First United Methodist Church v. U.S. Gypsum Co.*, 882 F.2d 862, 869 (4th Cir.1989).

 Appellees contend that the result mandated by the text would be inequitable. Yet, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988); *Official Committee of Equity Security Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987) ("equitable powers are not a license

for a court to disregard the clear language and meaning of the bankruptcy statutes and rules"); *Matter of Grissom*, 955 F.2d 1440, 1449 n. 8 (11th Cir.1992) ("equitable principles are insufficient to trump the clear remedial provisions of a bankruptcy statute").

If appellees were to prevail, the Bankruptcy Court would essentially be allowed to create a private right of action under § 506(c) for parties other than the trustee when no such right of action was created by Congress. *Karahalios v. National Federation of Federal Employees, Local 1263*, 489 U.S. 527, 532–33, 109 S.Ct. 1282, 1286, 103 L.Ed.2d 539 (1989) (restricting judicial creation of implied private causes of action); *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1332 (4th Cir.1976) (holding that it is not permissible to construe a statute on the basis of a mere surmise as to what the legislature intended and to assume that it was only by inadvertence that it failed to state something that it plainly stated).

Because § 506(c)'s plain text only grants surcharge authority to the bankruptcy trustee, the judgment of the U.S. Bankruptcy Court should be REVERSED.

An appropriate order shall issue.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that the judgment of the U.S. Bankruptcy Court for the Eastern District of Virginia awarding appellee Reynolds and Reynolds Company $94,846.41 from appellant Ford Motor Credit Company is REVERSED.